IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JOSEPH BENJAMIN, EUNIDE BENJAMIN, BERNEIDE J. BENJAMIN, and JERICH07 ARNAUD PROJECTS, INC., <br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC.<br><br>Defendant. | CIVIL ACTION NO. 2:13-cv-00150-LGW-JEG |

### AMERICAN AIRLINES, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The defendant, American Airlines, Inc. ("American Airlines"), respectfully submits this Supplemental Brief in Support of its Motion for Summary Judgment, addressing the questions raised by the Court during the summary judgment hearing on July 30, 2015, as follows:

1. **Whether Texas law regarding breach of contract differs from Georgia law.**

Texas law mirrors Georgia law regarding the requisite elements of a breach of contract claim; to wit, "a plaintiff must prove (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages." *Sanders v. Am. Home Mortg. Servicing, Inc.*, 2015 Tex. App. LEXIS 1787 (Tex. App. Feb. 25, 2015); *MG Bldg. Materials, Ltd. v. Moses Lopez Custom Homes, Inc.*, 179 S.W.3d 51, 61 (Tex. App. – San Antonio, 2005, pet. denied) (same).

Failure to present evidence of the plaintiff's performance under the contract *and* breach by the defendant warrants summary judgment in the defendant's favor under Texas law. *Benson v. Indymac Mortg. Servs.*, 2014 Tex. App. LEXIS 2311 (Tex. App. – Fort Worth, 2014) (affirming summary judgment to defendant where plaintiff failed to present summary judgment

1

evidence of performance/tendered performance by the plaintiff and contractual breach by the defendant); *Anderton v. Cawley*, 378 S.W.3d 38 (Tex. App. 2012) (affirming summary judgment to defendant where plaintiff failed to present evidence that the defendant breached any contractual obligation that it was obligated to perform); *Morton v. Kelley*, 2010 Tex. App. LEXIS 8347 (Tex. App., First District, Houston, 2010) (affirming summary judgment to the defendant where the plaintiff failed to present evidence of any contractual breach by the defendant).

Texas law, like Georgia law, requires "performance or tendered performance by the plaintiff" in order to state a valid claim for breach of contract and here, it is undisputed that Berneide Benjamin did not comply with her itinerary. The Conditions of Carriage plainly define an invalid ticket as one where the passenger does not comply with her itinerary. (*See*, Conditions of Carriage, attached as Exhibit 7 to American's initial brief, providing that "Tickets are valid for travel *only when used in accordance with all terms and conditions of sale*. Terms and conditions of sale include but are not limited to: (1) *The passenger's itinerary*, as stated on the ticket or in the passenger's reservation record . . ."). The second requisite element of a breach of contract claim under Texas law is fatally lacking here.

Texas law is also identical to Georgia law in that it requires that the plaintiff show a "breach by the defendant" and yet here, the Conditions of Carriage and the International General Rules state that where a ticket is purchased and used in violation of the Conditions of Carriage, American Airlines has the right in its sole discretion to take all actions permitted by law, including but not limited to, the following: "(i) Invalidate the Ticket(s); (ii) Cancel any remaining portion of the Passenger's itinerary; (iii) Confiscate any unused Flight Coupons; (iv) Refuse to board the Passenger and to carry the Passenger's baggage, unless the difference

between the fare paid and the fare for the transportation used is collected prior to boarding."
(Affidavit of Patricia Barnhold, Exhibit 8 to defendant's initial brief). American Airlines, in adhering to these contractual provisions, did not commit a breach. The absence of the third requisite element of a breach of contract claim under Texas law provides another, independent, ground for summary judgment in favor of American Airlines.

**2. Whether the doctrine of apparent agency under Texas law differs from the law in Georgia.**

The doctrine of apparent agency under Texas law parallels the law in Georgia. Texas law "does not presume agency and the party asserting agency has the burden of proving it." *IRA Res., Inc. v. Griego*, 221 S.W.3d 592, 597 (Tex. 2007). Absent actual or apparent authority, an agent cannot bind a principal. *Sanders v. Total Heat & Air, Inc*., 248 S.W.3d 907, 913 (Tex. App. – Dallas, 2008). Actual and apparent authority are both created through conduct of the principal communicated either to the agent (actual authority) or to a third party (apparent authority). *Gaines v. Kelley*, 235 S.W.3d 179, 182 (Tex. 2007).

To prove the elements of apparent agency/authority under Texas law, a plaintiff must show that "(1) he had a reasonable belief that a party was an agent or employee of the principal, (2) such belief was generated by some affirmative conduct on the part of the principal, and (3) one justifiably relied on the representation of authority." *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 n.2, 41 Tex. Supp. Ct. J. 833 (Tex. 1998).

Important to this analysis, Texas law, like Georgia law, provides that the plaintiff must prove conduct on the part of <u>the principal</u> (*not the purported agent or the plaintiff*) that would cause a reasonable person to believe the agent has the authority he is purporting to exercise. *Thomas Reg'l Directory Co. v. Dragon Prods*., 196 S.W.3d 424 (Beaumont, Ninth Dist. 2006)

(the focus of apparent agency is on the conduct of the principal, not the agent or the relying party; and the principal's conduct must be such as would lead a reasonably prudent person, using diligence and discretion, to suppose that the agent has the authority he purports to exercise); *Bailey v. Paseo Del Rio Ass'n*, 2005 Tex. App. LEXIS 9287 (San Antonio, Fourth Dist., 2005) (affirming summary judgment to the defendant on the issue of apparent agency, despite plaintiff's claim that defendant posted advertising that it was hosting an event and failed to disclose that its independent contractors were not its agents, there was no evidence of justifiable reliance). Indeed, not even a "good faith belief" that the person with whom the plaintiff is dealing is an agent is enough to bind the purported principal. *2616 S. Loop LLC v. Health Source Home Care, Inc*., 201 S.W.3d 349, 356 (Tex. App., Houston, 14th Dist. 2006); *Coker v. Cramer Fin. Grp., Inc*., 992 S.W.2d 586, 595 (Tex. App., Texarkana 1999).

Here, the Benjamins have not shown any conduct on the part of the alleged principal (American Airlines) that created (1) a reasonable belief that the unidentified customer service individual with whom Mr. Benjamin claims to have spoken had any authority to modify Berneide Benjamin's itinerary or (2) that they justifiably relied on any representation of authority communicated by American Airlines. Indeed, the only evidence from American Airlines provides precisely the opposite; namely, the Conditions of Carriage, state that:

> No agent, employee or representative of American has authority to alter, modify or waive any provision of the Conditions of Carriage unless authorized in writing by a corporate officer of American.

(Exhibit 7, at p. 13).

Likewise, the International General Rules Tariffs provide that "[n]o agent, servant, or representative of carrier has authority to alter, modify, or waive any provisions of the contract of

4

carriage of this tariff." (*See*, International General Rules Tariff, Rule 0005 "Modification and Waiver -75," exhibit G to defendant's original summary judgment brief).

There is no evidence that the unidentified customer service employee with whom Mr. Benjamin allegedly spoke was a corporate officer of American, to the contrary, the plaintiffs' own testimony makes clear that the person he spoke with lacked authority to create a ticket with the specific itinerary Mr. Benjamin requested. And undisputedly, no "authorized writing" reflected the alleged modification of Berneide Benjamin's travel itinerary.

Therefore, in light of the governing contractual language, the plaintiffs have failed to show that either a "reasonable belief" or "justifiable reliance" emerged as a result of the purported telephone conversation with the unidentified customer service employee. As "reasonable belief" and "justifiable reliance" are both requisite elements of apparent authority under Texas law, summary judgment in favor of American Airlines is warranted.

## CONCLUSION

For the above reasons, and for the reasons cited in its original motion for summary judgment and reply brief in support of summary judgment, American Airlines, Inc. respectfully asks that the Court grant summary judgment as to all of plaintiffs' remaining claims against it.

Respectfully submitted,


This 7th day of August, 2015.

RUTHERFORD & CHRISTIE LLP  
*/s/Carrie L. Christie*  
CARRIE L. CHRISTIE  
Georgia State Bar 125248  
Admitted Pro Hac Vice  
225 Peachtree Street  

DREW ECKL & FARNHAM, LLP  
*/s/ Jeff Ward*  
Jeff Ward  
Georgia State Bar No. 737277  
777 Gloucester Street, Suite 305  
Brunswick, Georgia 31520  

5

South Tower, Suite 1750 (912) 280-9662
Atlanta, Georgia 30303
(404) 522-6888

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Georgia by using the CM/ECF system on this 7th day of August, 2015.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

RUTHERFORD & CHRISTIE LLP

*/s/Carrie L. Christie*
CARRIE L. CHRISTIE
Georgia State Bar 125248
Admitted Pro Hac Vice
